IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BROAD STREET ENERGY CO.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:12-CV-711 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| **ENDEAVOR OHIO, LLC.,** | : | |
| | : | Magistrate Judge Deavors |
| Defendant. | : | |
| | : | |

## ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion *in Limine* to Exclude Reference to or Evidence of Title Defect Details Reserved for Arbitration (Doc. 49). For the reasons set forth herein, Plaintiff's Motion is **GRANTED**.

### II. BACKGROUND

*A. Factual Background*

Broad Street ("BSEC") is an Ohio oil and gas operator that holds title to various mineral rights, oil and gas leases, easements, facilities, and other interests in lands and assets. In April 2012, Endeavor, the "Buyer," entered into contract with Broad Street, the "Seller," to purchase large portions of its land, oil, and gas assets for $35 million dollars (the "Purchase Price"). The parties executed this purchase and sale agreement ("PSA" or the "Agreement") on April 9, 2012. Closing was scheduled to occur 120 days after the execution of the PSA, or on August 7, 2012.

On Sunday, July 8, 2012, Endeavor contacted Broad Street by telephone, and informed it that Endeavor would provide Broad Street with written notice of certain Title Defects the following day. On Monday, July 9, 2012, Endeavor delivered by facsimile and hand delivery a

letter under the subject line "Title Defect Notice and Termination of Purchase and Sale Agreement." (*Arthur Decl.*, Doc. 15-1, ¶ 10; *Termination Letter*, Doc. 15-6, 1). The letter asserted that Endeavor had identified Title Defects on a total of 6,522.00 Net Mineral Acres comprising an aggregate Title Defect value of $19,566,000, or 55.9% of the Purchase Price. (*Termination Letter*, Doc. 15-6 at 1). Endeavor then invoked termination of the Agreement pursuant to Section 10.1(b) of the PSA, and requested the return of the Escrow Amount pursuant to Section 10.3. (*Id.*). The letter was accompanied by documentation identifying 66 allegedly defective titles. (*Arthur Decl.*, Doc. 15-1, at ¶ 11). At the time Broad Street accepted delivery of these materials, it signed a Receipt of Title Defect Notice acknowledging "that it received the box of materials labeled Title Defect Notices within the prescribed time allowed pursuant to Section 4.2(a) of the PSA." (*Id.* at ¶ 10-11).

*B. Procedural Background*

On August 6, 2012, BSEC filed a breach of contract action against Endeavor. (Doc. 1.) BSEC's Amended Complaint (Doc. 8) asserted claims for relief for breach of contract. Count I sought recovery of the Escrow Amount based on Endeavor's purportedly wrongful termination. Count II sought specific performance and damages relating to Endeavor's alleged breach of the PSA. On August 24, 2012, Endeavor filed its Answer and Counterclaim. (Doc. 5). Count I of the Amended Counterclaim (Doc. 9) sought return of the Escrow Funds to Endeavor, based on Endeavor's allegedly proper termination of the PSA.

On November 13, 2012, BSEC moved for Summary Judgment (Doc. 15) on its Amended Complaint, which this Court subsequently denied. (Doc. 24). In the Opinion and Order, this Court held that the contract unambiguously required Endeavor to comply with the Title Defect procedures set forth in § 4.2(a) and (c) in order to terminate the Agreement based on the

aggregate Title Defect Values under § 10.1(b). (*Id*. at 11).  Additionally, this Court found that there were genuine issues of material fact regarding whether Endeavor properly asserted the alleged Title Defects pursuant to the procedures in § 4.2(a) of the PSA, or whether the Title Defects were waived.  Finally, this Court held that the contract permitted only Endeavor, not BSEC, to pursue specific performance as a remedy for breach.

On January 20, 2014, Endeavor moved for Summary Judgment on its Counterclaim, which this Court subsequently denied.  Endeavor's Amended Answer and Counterclaim asserted a claim for declaratory judgment.  In its Opinion and Order, the Court found that, for the conveyance to be considered invalid, BSEC must have actual knowledge of a defect in the right, title, and interest of the leases.  Moreover, the contract dictated that it was all of BSEC's interest that was to be conveyed, not all of the interest in general, as Endeavor had argued.  As such, the Court found that the defects noted by Endeavor fell within § 4.2(b) of the PSA.  The Court also held that the jury must decide whether BSEC committed a material breach of the contract.

### III. STANDARD OF REVIEW

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not rely upon at trial. *Bennett v. Bd. of Educ. of Washington County Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011).  To prevail on a motion *in limine,* the movant must show that evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that the issues may be resolved in the context of a trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp. 2d 844, 846 (N.D. Ohio 2004). Whether to grant a motion *in limine* is within the discretion of a trial court. *Delay v. Rosenthal Collins Group, LLC*, 2:07-CV-568, 2012 WL 5878873, *2 (S.D. Ohio Nov.

21, 2012) (citing *Branham v. Thomas Cooley Law Sch.,* 689 F.3d 558, 560 (6th Cir. 2012)). However, the Court may change its ruling on a motion in *limine* for whatever reason it deems appropriate during trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

### IV. ANALYSIS

Plaintiff Broad Street filed a Motion *in Limine* asking that this Court preclude Defendant Endeavor "from referencing or offering testimony, documentary evidence or argument regarding details of the alleged Title Defects and Title Defect Values, as such disputed issues are expressly reserved for determination by an arbitrator."  (Doc. 49, *Plaintiff's Motion*, at 1).  BSEC states that Endeavor should be allowed to present its position that 66 Title Defects exist, and that those Defects exceeded the 30% threshold set forth in the parties' Purchase and Sale Agreement ("PSA").  BSEC, however, requests that this Court ban Endeavor from presenting additional details of the alleged Title Defects, including Title Defect Values.  According to BSEC, disputed matters regarding Title Defects and Title Defect Values must be resolved by arbitration, and may not be presented at trial.

BSEC argues that Endeavor should not be permitted to present its own unilateral interpretation of Title Defect Values or details regarding the alleged Title Defects, because to do so would confuse the jury.  BSEC proffers that Endeavor's presentation of such evidence would cause confusion because: 1) no issues other than whether the Title Defects complied with Section 4.2(a) and whether such notices were timely are issues for the jury to decide; and 2) BSEC was deprived of its contractual right to assess the merits of Endeavor's position.

It is not the arbitration agreement that Endeavor disputes, but the ability to present evidence to support its ownership defense to BSEC's claim.  Endeavor argues that it should be allowed to present all evidence necessary to prove BSEC's lack of ownership, regardless of

4

whether it is found in Title Defect Notices.  Endeavor's ownership defense claim is the basis for the second round of summary judgment heard by this Court, and, according to Endeavor, "turns on whether BSEC committed a prior material breach of the PSA by falsely representing that BSEC owned a 100% working interest in all of the assets listed on Exhibit A to the PSA."  (Doc. 55, *Defendant's Reply*, at 2).  Endeavor, in presenting its "non-Article IV defense" intends to rely on portions of the Title Defect Notices to support its ownership defense to BSEC's claim.  It claims that it cannot present a complete defense without introducing the substance of the ownership deficiencies at issue.  Ultimately, Endeavor believes it must be allowed to introduce evidence that BSEC did not own 100% working interest in the assets at issue.

Section 4.6 of the PSA covers "Dispute Resolution," and dictates that the determination of Title Defects and Title Defect Value, as well as whether Title Defects have been cured, shall be reviewed by arbitration:

> The review by the arbitrator or arbitrators, as the case may be, of any disputes between the Parties will be limited to (i) whether the Title Defect in question has been cured, whether in whole or in part, so as to result in Seller having Defensible Title to all or any portion of the relevant Asset on which such Title Defect was asserted, (ii) determination of the Title Defect Value of any uncured Title Defect, (iii) whether the Environmental Defect in question has been cured, whether in whole or in part, with respect to the relevant Asset on which such Environmental Defect was asserted, and/or (iv) determination of the value of any uncured Environmental Defect.

PSA § 4.6.  In its recent Order on Summary Judgment, this Court found that the alleged "complete failures of ownership" claimed by Endeavor fall within the Title Defects of § 4.2 of the PSA.  (Doc. 58, at 8-10).  The parties are in agreement that Title Defects are to be reviewed in arbitration.  Thus, it would be improper to allow Endeavor to present evidence that is anchored

in material covered by § 4.2.  Stated another way, this Court will not hear a case about Title Defects.

Moreover, in deciding a motion *in limine*, the Court must be mindful of the jury, and decide in such a way that will allow them the greatest amount of clarity.  Endeavor's plan to introduce only specific portions of the Title Defect Notices as evidence, while omitting the remaining portions, would result in unnecessary confusion for the jury.   To preserve properly the aspects of the case that the parties agree have been set aside for arbitration, and to prevent jury confusion, Endeavor cannot be permitted to introduce any evidence related to the details of the alleged Title Defects and Title Defect Values.

## V. CONCLUSION

For the reasons stated above, BSEC's Motion *in Limine* is **GRANTED**.

**IT IS SO ORDERED.**

                                            **s/Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated: April 30, 2014**